## SUPREME COURT.

ROBERT V. R. STUYVESANT agt. KATHARINE REID NEIL and others.

*Trust estate — Deed of trust — Power of trustee under.*

Where a wife is empowered by a deed of trust executed by herself and husband to apportion by will or other instrument, in writing, certain property among her children and their descendants, she cannot limit the trust estate to an estate for life in her children with remainder to their issue, but must apportion the property itself and all the rights incident to ownership.

*Special Term, December,* 1883.

*John N. Whiting,* for plaintiff.

*J. R. Cummings,* for guardian *ad litem.*

VAN VORST, *J.* — I cannot resist the conclusion that the appointment made by Julia Stuyvesant, through her last will, was a defective execution of the power with which she was invested by the deed of trust of the 27th day of February, 1847, executed by herself and husband to Jordan G. Ferguson. By that deed it was provided that the trustee should convey the premises and the accumulations, and the securities or property which may have been substituted for any portion thereof, " to such of the children of the said Julia Stuyvesant by her present husband and their descendants, in such proportion and subject to such provisions for her present husband as she, by will or other instrument in writing, should direct and appoint." And afterwards in the deed Julia Stuyvesant was expressly authorized " to appoint and direct, by will or other instrument in writing, the apportionment" of the property and its accumulations "among her children by her present husband and their descendants."

By her will Mrs. Stuyvesant seeks to limit the estate

to an estate for life in her daughters, with remainder to their issue. This clearly was not intended by the deed or the settlers of the trust estate. The property itself, and all the rights incident to ownership, and not a mere right to its use for a time, was to be apportioned by Julia Stuyvesant among her children and their descendants.

If one of her daughters was dead, with issue surviving, Mrs. Stuyvesant could have doubtless given a portion of the settled estate to the child or other descendant of said deceased daughter. In general, the objects of the trust from which the trustee has the power of selection are vested with the beneficial interest, to be divested out of those who are not selected.

The power of the trustee was to select the objects out of the class named, and apportion the property itself, not a limited interest therein.

That such was the original intention of the parties to the deed is made clear by the provisions contained therein, that in the event of the death of Julia Stuyvesant without leaving a will, the property was ultimately " to be divided equally among the children of the said Julia Stuyvesant who may then be living, and their descendants, if any shall have died leaving lawful issue " (*Perry on Trusts*, secs. 249–251, 508). The power must be strictly adhered to in its execution.

Taking into consideration the other provisions of her will looking towards the absolute equality of interest of her several children, the will may be regarded as an execution of the power to the extent of determining that her children and the issue of her deceased child must take share and share alike, and it must now be determined that the children of Mrs. Stuyvesant who are now living, and Julia S. Winterhoff, the daughter of Mrs. Stuyvesant's deceased daughter, shall severally take an equal proportion of the trust estate. The accumulations of the trust estate pass with the estate itself. And to the extent that the house and lot No. 53 West Thirty-eighth street was paid for with the assets of trust property, it

must be regarded as forming a part of the trust estate, notwithstanding the title thereto was taken in the name of Mrs. Stuyvesant.

The evidence does not make it entirely clear that all the money paid by Mrs. Stuyvesant on the purchase of this property, or that the sum of $5,000 on deposit in the trust company, were accumulations of income. It is stated in the plaintiff's brief that they are presumptively such accumulations. But the evidence should be reasonably satisfactory on this point, especially as infants are concerned. A reference will be needed to take the proof upon that subject.

Findings of fact and conclusions of law must be prepared by the attorneys of the plaintiff to carry out what has been above indicated, which will be settled on notice.