### MONJO et al. v. WOODHOUSE et al.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

1. POWERS—EXECUTION—VALIDITY OF CONDITION IMPOSED.

Where a testator gave his widow power to devise a house and lot to any or all of their grandchildren, the imposition in her will of a charge on a share devised to a grandchild for debts of the grandchild's father and brother to the estate of the testatrix, to be paid into the residuary portion, which was also bequeathed to her children and grandchildren, was valid.

2. SAME.

Where a testator gave his widow power to devise a house and lot to any or all of their children and grandchildren, provided that, if the power were not exercised, the property should go at her death in equal shares to their children and the children of deceased children per stirpes, where she devised a portion to a daughter of one of their children, who was still living, subject to the payment of debts of the devisee's father and brother to the estate, the devisee cannot complain of the imposition of the charge of the debts on her share, since if that were invalid, it invalidated the exercise of the power, in which case she would take no share.

Houghton and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Ferdinand N. Monjo and another against Addie Woodhouse and others. From a judgment in favor of plaintiffs (94 N. Y. Supp. 835), defendants appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Robert B. Honeyman, for appellants.
Eugene L. Bushe, for respondents.

INGRAHAM, J.   This action was to partition real property and the only question presented is as to the right of the defendant (appellant) to an interest therein.  This depends upon the construction to be given to the third clause of the will of George Widmayer and an attempted exercise of a power of appointment given by that clause by his wife in her last will and testament.   At the time of his death George Widmayer was the owner of the premises in question.   The third clause of his will provides as follows:

"I hereby give and devise to my said wife, Johanna B. Widmayer, my house and lot number  115 West 61st street in the City of New York, to have and to hold the same to her for and during the term of her natural life, with full power and authority to my said wife to devise the same by her last will and testament, or by an instrument in writing in the nature thereof to any or all of our children or grandchildren or both in such shares or proportions as to her shall seem best.   And in the event of my said wife not disposing of said house and lot by her last will and testament or by an instrument in writing in the nature thereof to or among our children or grandchildren or some of them, as she is herein above authorized then upon her death without having disposed thereof as aforesaid, I give and devise the said house and lot number 115 West 61st street in the City of New York to my children equally and to my grandchildren, the children of my deceased daughters Margaret E. Ebbinghausen and Mary Emma Monjo per stirpes as tenants in common to them, their heirs and assigns forever."

If the widow failed to exercise the power of appointment the appellant Addie Woodhouse would have been entitled to no share of the property, as her father who was one of the children of the testator was still alive.   The testator's wife attempted to exercise this power by the second and third clauses of her will.   The second clause, after reciting the provisions of the will of her husband, provided as follows:

"Now I do hereby exercise the power and authority given to me in and by my husband's said will to dispose of said house and lot number 115 West 61st street, in the city of New York, where I now reside, being the same house and lot which is now known by the street number 137 West 61st street, to and among our children and grandchildren, that is to say: One-fifth part thereof to our son George A. Widmayer, one-fifth part thereof to our son William F. Widmayer, one-fifth part thereof to our granddaughter, Addie Woodhouse, wife of V. H. Woodhouse of New York city, daughter of our son Henry E. Widmayer; one-fifth part thereof to our grandson Ferdinand N. Monjo, son of our deceased daughter Mary Emma Monjo; one-tenth part thereof to our granddaughter Julia M. Hurtt, daughter of our deceased daughter Margaret Ebbinghausen; and one-tenth part thereof to our grandson George Henry Ebbinghausen, son of our deceased daughter Margaret Ebbinghausen as tenants in common, to them and their heirs and assigns forever."

By the third clause of this will, however, the devise to her granddaughter, Addie Woodhouse, is made upon the express condition that:

"Said one-fifth part shall be charged with the payment of the indebtedness of my said son Harry E. Widmayer to me, and of my grandson Harry Widmayer to me; and whereas my said son Henry E. Widmayer and Harry Widmayer each is now indebted to me in a large amount, together with the interest thereon, for moneys loaned by me to each of them, respectively, I do hereby charge the payment of the said indebtedness and the interest thereon, and also all other sums in which either of them may be indebted to me at the time of my decease, and the interest thereon, upon the said one-fifth part of the said house and lot hereinabove given and devised to my said granddaughter Addie Woodhouse, and direct that out of the said one-fifth part of the said house and lot the said indebtedness shall be paid to my executor as part of my residuary estate, and if said one-fifth part or the one-fifth part

of the proceeds of the said house and lot when sold shall not be sufficient to pay all the said indebtedness with interest, then any balance of the said indebtedness which shall remain unpaid after applying said proceeds in part payment shall be charged against and paid out of the one-fifth part of my residuary estate hereinafter given, devised and bequeathed to my said granddaughter, Addie Woodhouse. My intention in respect to the said devise hereinabove made of such undivided one-fifth part of my said house and lot to my said granddaughter, Addie Woodhouse, and in respect to the devise and bequest hereinafter made to my said granddaughter, Addie Woodhouse, is that the said indebtedness of her father and brother to me shall be paid to my estate to form a part of my residuary estate, and that the same shall be deducted from the said one-fifth part of the said house and lot, and if necessary any balance thereof which shall remain unpaid shall be deducted from the one-fifth part of my residuary estate hereinafter given, devised, and bequeathed to my said granddaughter, Addie Woodhouse."

By the fifth clause of the will the residuary estate of the testator, both real and personal, is divided between her children and grandchildren; one-fifth part thereof to the testator's granddaughter, Addie Woodhouse. The appellant Addie Woodhouse attacks this condition annexed to the exercise of the power of appointment in her favor, upon the ground that it was unauthorized by the original will, and that therefore she took the devise of one undivided fifth, discharged of that condition. The power of appointment contained in the original will gave to the testator's wife an absolute power of appointment by which she could have given this house to any one or more of her children or grandchildren, or divided it among them in such portions as she saw fit. She was not bound to give to this appellant, Addie Woodhouse, any interest in the house.

In considering the validity of the exercise of this power of appointment the whole will by which it was attempted to be executed must be read together, and if the result is that the real property was actually divided among the husband's children and grandchildren, Addie Woodhouse has no cause to complain. It is entirely clear that the grantee of the power did not intend to give to Addie Woodhouse an undivided fifth of this property free of any charge upon it in favor of her other children. What she intended was to charge the bequest of one-fifth to the appellant with the payment of a sum of money to her children and other grandchildren to whom she devised the residuary estate. I suppose there would be no question as to the validity of the exercise of this power if she had given an interest in that property to Addie Woodhouse subject to the payment of a specific sum by Addie Woodhouse to other of her children and grandchildren, fixing the amount that she was to pay them as a condition for receiving the interest in the property; and yet this is what the provisions of the will taken as a whole accomplish. The amount of the charge was not determined in the will, but was to be determined after her death by the amount that her father or her brother owed to the testatrix. When this will is fully executed, all the real property of which the testatrix was given power of disposition will be divided among the original testator's children and grandchildren. No part of it was devoted to any other purpose; no part of it could be devoted to the payment of the testator's debts, or to the expense of administering the estate. The testatrix adopted a method of dividing this property among her children and grandchildren by which she gave to

Addie Woodhouse the share that her father would have received if the power of appointment had not been exercised, but upon condition that Addie Woodhouse should pay out of that share the amount of the indebtedness of her father and brother to the testatrix to her other children and grandchildren; but whether or not Addie Woodhouse would, under this scheme, be entitled to any interest in this real property, was quite immaterial, as the testatrix had power to provide that she should have no interest, and if the testatrix gave her an interest, however small, it was giving her something to which she was not legally entitled without the exercise of the power by the testatrix in her favor. I do not see, therefore, that she can complain because the testatrix imposed as a condition of her receiving an interest in this property that it should be subject to the payment of a sum to be ascertained after the testatrix's death in favor of the other children or grandchildren of the testatrix. If, however, it should be held that this was not a valid exercise of the power granted to the testatrix by the will of her husband, the appellant would not then be entitled to any interest in the property, for it would pass under the will of the testator to the appellant's father. If the power was exercised, the interest that the appellant could take under the exercise of the power must be subject to the conditions imposed by the testatrix. If these conditions were illegal or improper, then there was no exercise of the power, and the property passed under the will granting the power.

In the construction of wills, the primary duty of the court is to ascertain the intention of the testator and for that purpose the whole instrument must be read together. Nothing can be clearer than that, in the exercise of this power, it was not the intention of the testatrix exercising it to give to this appellant an undivided one-fifth of this real property. To so construe the will would be in direct violation of the intention of the testatrix. The testatrix, in the execution of the power, gave to the appellant one-fifth interest in the property charged with the payment of certain sums which, under the will, would go to the children and other grandchildren of the testatrix. That was either a valid exercise of the power or it was not. If valid, the appellant took the share charged with the payment of the amount due to the testatrix from her father and brother. If invalid, the result was that the real property passed under the original will, and in it the appellant would have no interest. So, that whether we treat this as a valid or invalid exercise of the power, the appellant was not aggrieved by the judgment appealed from.

It follows that the judgment appealed from must be affirmed, with costs to the respondent against the appellant.

O'BRIEN, P. J., and LAUGHLIN, J., concur.

HOUGHTON, J. (dissenting). I do not think the widow had any power to charge the one-fifth part of the real property which she apportioned to the appellant, with the payment of the debts owing to her by appellant's father and brother, for the purpose of swelling the residue of her own estate. Nor do I think the legal principle is at all

changed by the fact that the residue of the widow's estate is bequeathed to the same persons and in the same proportions in which she devised the real estate under the power given to her by the will of her husband; or by the fact that the widow had the right under that power to withhold from appellant any part of the real property concerning which power of disposal was given to her, or to give appellant a large or small amount as she saw fit. The power of appointment as to real property must be strictly followed, and its execution is governed by the principles of agency. Hillen v. Iselin, 144 N. Y. 374, 39 N. E. 368. Where a power exists to apportion real property, the holder of the power cannot limit the estate for life with remainder to issue, unless so expressly authorized (Stuyvesant v. Neil, 67 How. Prac. 16); nor can a specific fund arising from the sale of real estate, directed to be apportioned, be charged with the expense of settling the estate of the person exercising the power (Cochran v. Elwell, 46 N. J. Eq. 333, 19 Atl. 672).

The will of George Widmayer expressly devised the property in case the widow should not exercise the power conferred upon her. The title was, therefore, in his several devisees in the proportions named by him, subject, however, to be divested as to any one, by the exercise of the power by the widow, in a different manner, in favor of any of those in the class specified. Appellant was not one of those named by the original testator, but she was one of the class included within the power. It does not appear what the value of the one-fifth part of the real property apportioned to appellant is, nor is the amount of indebtedness of appellant's father and brother charged thereon, shown. Whether the indebtedness be much or little, when it shall be paid to the residuary estate of the widow it is exposed to the hazard of debts against her estate, and to the burden of executor's commissions and expenses of administration, and possibly to inheritance transfer tax. It may be wholly eaten up by debts, and to some extent, at least, will be diminished by executor's fees and expenses of administration. Such a state of affairs the widow was given no power to create. It is no answer to say that the widow may have apportioned only one-twentieth or any other part to the appellant, instead of one-fifth, if she had so wished; and hence that if appellant shall pay the indebtedness specified she may still have left some aliquot part of the real property, which the widow could have fixed as her portion, if she had seen fit so to do. The widow did fix appellant's portion at one-fifth, and I think she had no power to charge it with the payment of any debts owing to her, and that that condition must fall.

The condition being illegal, and the apportioning to appellant of one-fifth part being entirely within the power, the apportionment should stand, and the condition be declared to be ineffectual. I think, therefore, that the judgment should be modified, so that it shall declare that the appellant takes a one-fifth interest in the real property free from any charge.

McLAUGHLIN, J., concurs.